| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | NOT FOR PUBLICATION |

-----------------------------------------------------------X

In re:

MAYNE MILLER,                                                            Chapter 13

       Debtor.                                                        Case No. 07-13481(MG)

-----------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING DEBTOR'S MOTION FOR RECONSIDERATION

APPEARANCES:

MAYNE MILLER, *pro se*
P.O. Box 8050 G.P.O.
New York, N.Y. 10116

    Mayne Miller, Esq.

JEFFREY L. SAPIR
399 Knollwood Road
Suite 102
White Plains, N.Y. 10603

    Jodi Kava, Esq.
    Counsel for Jeffrey L. Sapir as Chapter 13 Trustee

HARVEY J. CAVAYERO & ASSOCIATES
57 Old Country Road, Suite L
Westbury, N.Y. 11590

    Harvey J. Cavayero, Esq.
    Counsel for Irene A. Cargonja

**JAMES M. PECK**
**United States Bankruptcy Judge**

Mayne Miller ("Miller" or the "Debtor") moves for reconsideration of certain rulings made by the Court at a hearing on December 13, 2007.[1] Miller's Motion for Reconsideration presents nothing new and is denied for the reasons stated in this decision.

The Debtor appears to be in genuine financial distress, but, unlike many debtors, his distress does not involve the calamities of job loss, a health crisis or the unfavorable and unforeseen consequences of refinancing a mortgage.[2] Instead, Miller, a lawyer who as a sole-practitioner has practiced in the bankruptcy court, complains that his financial problems are due principally to his being compelled to work without adequate compensation for certain clients who either are unable or unwilling to pay his legal fees in full. Miller has tried without success on several occasions to unburden himself from the financial constraints of this on-going representation, but his motions for leave to withdraw as counsel have been denied by the Court of Appeals,[3] and at this point Mr. Miller has no choice but to continue prosecuting an appeal even though doing so, according to his papers, will not be a productive use of his time. He argues that the trap in which he now finds himself precludes his taking on matters for other clients and from timely performing his duties as a chapter 13 debtor.

Mr. Miller has described this situation to the Court in a number of rambling written submissions and in oral argument at the hearing in his chapter 13 case held on

---

[1] Mr. Miller's case was originally assigned to Judge Peck who presided at the hearing and who is deciding the Motion for Reconsideration. Debtor's case has been reassigned to Judge Glenn effective as of January 2, 2008.

[2] Miller does seem to have a real estate component to his current financial difficulties – the need to find a tenant for some property that he owns in Florida, but he has not stressed this issue in his papers.

[3] According to the Motion for Reconsideration, the Debtor has sought reconsideration by the Second Circuit and has reiterated the request that he be permitted to withdraw as counsel in connection with an appeal currently pending in the Court of Appeals.

December 13, 2007.  Miller claims to have no choice but to dedicate himself to an all-consuming engagement and argues that this should justify an extension of the deadline for filing bankruptcy schedules and of the time for performing obligations (i.e. paying rent) arising under his nonresidential lease of office space in a loft in Long Island City (the "Long Island City Lease").

The Court listened to these arguments at the hearing but disagreed with the Debtor and denied the requested relief finding that the professional hardship described by the Debtor, while no doubt unfavorable from his perspective, did not constitute cause to grant an extension of the time to file schedules or to perform obligations arising under the Long Island City Lease.  The Court also noted that effective lawyers needed to be able to balance competing demands and to handle more than one case or commitment at a time.  In short, Miller's ongoing duty to perform work diligently and in a professional manner for his clients was no excuse for his failure to timely perform his own obligations as a debtor, and the Court, after fully considering the arguments presented, found that Miller had failed to show cause for the requested relief.  Debtor now asks the Court to reconsider these rulings.

*Background*

Miller commenced this voluntary case under chapter 13 of the Bankruptcy Code on November 1, 2007.  Based upon declarations filed by the Debtor, Miller filed for bankruptcy relief prior to the scheduled trial of a landlord-tenant case pending against him in the New York City Civil Court to avoid the impact of §362(b)(22) of the Bankruptcy Code.  This section excludes eviction proceedings from the operation of the automatic stay where a landlord of residential property has obtained a prepetition

3

judgment of possession. The Debtor filed this case for strategic purposes to preempt such a judgment and to protect Debtor's interest in his rent-controlled apartment at a time when he was struggling with inadequate revenue from his law practice.

The Debtor has not filed bankruptcy schedules or a statement of financial affairs in over sixty-days. On November 19, the Debtor applied by means of an Order to Show Cause (ECF Doc. # 9) for an extension of time until December 10, 2007 for the filing of schedules and a statement of financial affairs. He also submitted a nine-page declaration that, in considerable detail, offered various reasons for his needing more time. These include the disorganized state and poor condition of his records, a computer failure resulting in the loss of certain electronically stored information and the alleged inability to concentrate on the schedules because of the asserted overriding obligation to perform legal work in connection with the Second Circuit appeal.

The declaration also explains the various personal and professional setbacks that contributed to the bankruptcy filing, notes the Debtor's attempts to be relieved of burdensome litigation responsibilities and asks for a three-week extension until December 10, 2007. The Court considered this application and declaration in preparation for the hearing on December 13, 2007, but did not grant the application prior to the hearing.[4]

At the hearing on December 13, 2007, the Court asked about the status of the schedules. The Debtor conceded that he had not worked on the schedules contending that he was unable to devote himself to that task due to his conflicting responsibilities to

---

[4] Rule 1007(c) of the Federal Rules of Bankruptcy Procedure requires the debtor to file the schedules no later than fifteen days after the petition date unless a timely motion setting forth cause for an extension is granted. Fed. R. Bankr.P. 1007(c); Interim Fed. R. Bankr.P. 1007(c). Under this rule any such extension may be granted only on motion for cause shown.

clients. In exercising discretion not to grant the application for lack of cause shown, the Court found it significant that the Debtor had made no effort to file his schedules and statement of financial affairs by the self-imposed deadline that he had selected in his own application and that so much seemingly unnecessary effort had gone into the application and supporting papers.

Notably, the Debtor managed to find the time to request an extension of the filing deadline while complaining that he lacked the time to comply with Rule 1007(b)(1). The time spent in seeking to defer the deadline would have been better spent in preparing the overdue schedules. Additionally, the Debtor's refrain that he was engaged in preemptive litigation for clients who were not paying for his services provided a partial explanation for his financial difficulties but did not justify the Debtor's failure to fulfill his obligations in his bankruptcy case. The Debtor simply was not credible in asserting that he was overwhelmed by the demands of litigation.

The Court also considered at the hearing a motion by the Debtor relating to the Long Island City Lease[5] (ECF Doc. # 10) and a motion for relief from stay brought against the Debtor by his residential landlord (ECF Doc. #12). The Debtor filed lengthy papers in support of and in opposition to these respective motions. The central theme of Debtor's submissions, mentioned again in his current request for reconsideration, is that his responsibility as a lawyer to continue performing legal work for clients without adequate compensation is an unusual circumstance that should excuse his failure to timely perform his duties as a debtor, at least until he either extricates himself from this

---

[5] Although styled a "Motion to Extend Time to Assume Lease," Debtor actually sought relief with respect to his obligation to pay post-petition rent due his landlord. The timing of the motion (more than 90 days prior to the expiration of the initial deadline for lease assumption set forth in §365(d)(4)) supports the view that the motion was less about assumption and more about obtaining relief from the obligation to pay rent.

5

representation or finishes writing appellate briefs that must be filed with the Court of Appeals. The Debtor again complains that he has been forced by circumstances to work for little compensation, that certain requests for leave to withdraw as counsel have been delayed and denied, and that the dictates of professional responsibility have turned him into a virtual slave to his clients to his economic detriment.

Notwithstanding this argument, the Court found against the Debtor with respect to the motion for relief from stay and the motion relating to the Long Island City Lease. The Court granted relief from the automatic stay to permit Debtor's residential landlord to proceed with pending litigation in the New York City Civil Court up to the point of entering a judgment (a separate order was entered reflecting this relief on January 4, 2008) (ECF Doc. # 22)[6]. The Court also declined to grant relief requested by the Debtor relating to obligations arising under his nonresidential Long Island City Lease.[7]

The landlord under the Long Island City Lease, filed an affidavit in opposition to the Debtor's Motion alleging that his office lease dated September 19, 2006 had expired in accordance with its terms on August 18, 2007, that the Debtor was in default in paying his rent (allegedly $6,600 in pre-petition rent – representing rent for six months – remains unpaid) and was at this point simply a holdover tenant. The landlord also argued that the building where Debtor's office was located at 21-55 45th Road in Long Island City was

---

[6] The landlord settled an order confirming relief granted from the bench. Debtor opposed the form of that order. The order as entered reflects the Court's review of both proposed orders and consideration of a letter from Miller dated December 26, 2007.

[7] Debtor's Motion for Reconsideration characterizes this motion as a request to extend the time to assume the lease. During the hearing held on December 13, 2007, the Court determined that the Debtor confused his obligation to perform mandated by §365(d)(3) with the requirement to assume a nonresidential lease within a specified period in order to avoid deemed rejection as specified in §365(d)(4). Regardless of the label used, the Court has treated the Motion as a request to extend the Debtor's time for performance under the Long Island City Lease due to his current cash flow crunch.

6

subject to an agreement of sale that called for all tenants to vacate and that Miller's refusal to move out of his office premises jeopardized that transaction.

In denying Debtor's Motion to extend the time for performing his obligations under the Long Island City Lease, the Court considered the opposition of the landlord, the fact that the lease had expired, and the fact that the Debtor had failed to demonstrate any reasonable likelihood that he would be able to satisfy his obligations to the landlord within a reasonable period of time.  The argument concerning the inability to generate income while engaged in appellate practice in the Court of Appeals neither excused the failure to pay rent nor constituted cause to extend the time for assumption of the lease under §365(d)(4) of the Code.  To the contrary, the circumstances alleged by the Debtor showed that it was uncertain whether, when and how the Debtor would ever be able to perform under the Long Island City Lease.

On December 20, 2007, the Chapter 13 Trustee filed a Motion to Dismiss (ECF Doc. # 18) returnable before Judge Glenn on January 24, 2008.  The Motion to Dismiss alleges, among other things, Debtor's failure to file his schedules and statement of financial affairs, a plan or tax returns, to attend a meeting of creditors under §341 of the Bankruptcy Code or to make any plan payments to the Trustee.  The fact that this motion is pending plays no role in the determination of the motion for reconsideration although it does demonstrate that there are multiple deficiencies in Miller's handling of his case and shows that the case is vulnerable to dismissal unless these deficiencies are cured. Nothing in this decision is intended to influence the outcome of the Motion to Dismiss.

On December 26, 2007, the Debtor filed a motion for reconsideration (ECF Doc. # 19) of the denial of the Debtor's motion to extend the deadline for filing bankruptcy

7

schedules and of the time for performing obligations (i.e. paying rent) arising under the Long Island City Lease. In support of this motion, the Debtor raised again his inability to timely perform his duties as a Debtor because of allegedly burdensome professional responsibilities.

*Discussion*

Local Bankruptcy Rule 9023-1(a) governs Motions for Reconsideration, and, in pertinent part, provides:

> A motion for reargument of a court order determining a motion shall be served within 10 days after the entry of the Court's order determining the original motion… The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

Local R. Bankr. Pro. 9023-1(a). *See also*, Fed. R Civ. P. 59(e). A court may reconsider an earlier decision when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46,55 (2d Cir. 2004) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,1255 (2d Cir. 1992) (Cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (internal quotations and citation omitted). In other words, to be entitled to reconsideration, the moving party "must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Perry H. Koplik & Sons, Inc.*, 2007 WL 3076921, *4 (Bankr. S.D.N.Y. October 18, 2007); *In re Asia Global Crossing, Ltd.*, 332 B.R. 520,524 (Bankr. S.D.N.Y. 2005); *In re Adelphia Business Solutions, Inc.*, 2002 WL 31557665, *1 (Bankr. S.D.N.Y. October 15,

2002). New facts, issues or arguments will not be considered. *In re Spiegel*, 2007 WL 1080190,*3 (Bankr. S.D.N.Y. April 4, 2007); *In re Asia Global Crossing, Ltd.*, 332 B.R. at 524. *See also*, *In re Newberry*, 2007 WL 2247588, *1 (Bankr. D. Vt. August 2, 2007) ("This Court will not grant a motion to reconsider where the moving party seeks solely to relitigate an issue already decided, to plug gaps in an original argument or to argue in the alternative once a decision has been made.") (internal quotations and citations omitted).

Debtor's Motion for Reconsideration does not satisfy any of the accepted grounds for reconsidering a matter and simply presents the same arguments again. As a second effort to persuade the Court to change its mind, the Motion for Reconsideration must fail. It makes no argument that has not already been considered and rejected. During the past several weeks, there has been no intervening change in controlling law and no new evidence. Moreover, Debtor has not demonstrated any clear error or manifest injustice.

Nothing has changed since the hearing on December 13. The Debtor alleges that he is still being squeezed by unfavorable professional circumstances and that he is unable to fulfill his obligations as a chapter 13 Debtor while also doing what is required of him as a lawyer. Repetition does not change the result. The Court remains unconvinced that the legal work being done by the Debtor should excuse what has become a sixty-day failure to file bankruptcy schedules or has any relevance to the performance of Debtor's obligations as a holdover tenant. Having to work hard to represent a client does not trump the duty to fulfill the requirements of the Bankruptcy Code.

The Court's conclusions in this case are informed by eighteen months of experience in handling the chapter 13 docket in Manhattan. During that period, the Court presided over a multitude of cases in which individuals burdened by a litany of legitimate

9

hardships, financial and otherwise, managed to comply with the requirements of the Bankruptcy Code and, ultimately, to confirm their chapter 13 plans. These debtors included many individuals who were appearing *pro se* and who lacked the sophistication and educational advantages of this Debtor. For many of them, the bankruptcy process was confusing, rigorous, frustrating, and time-consuming. Despite the challenges, diligent debtors persevered and did what was required to make the bankruptcy system work for them. Frequently in appropriate cases, the Court exercised its discretion to grant adjournments and extensions of time so that individual debtors could comply with the law and confirm their plans. The Court respects their good faith efforts.

When compared with most other chapter 13 cases, this case is exceptional in that this particular *pro se* debtor has the skill and background to cope with the process. Instead of utilizing his experience to move the case forward, the Debtor has chosen a path of excuse and delay. His pleadings (including the Motion for Reconsideration) seem designed to prolong the case and to defer performing his responsibilities as a chapter 13 debtor.

The extreme irony is that the Debtor has found the time and taken the effort to file long-winded papers that seek to excuse his failure to perform while at the same time alleging that he is too distracted by other obligations to concentrate on preparation of his bankruptcy schedules. Something is terribly wrong when a lawyer-debtor can manage his time to file lengthy papers requesting extensions of deadlines but is unable to discipline or dedicate himself to do the work to prepare the very documents that are required of all debtors.

*Conclusion*

Debtor has not made a compelling case for the Court to change its initial rulings or to exercise discretion to grant him additional time. For the reasons stated, the Court denies the Motion for Reconsideration.

IT IS SO ORDERED.

Dated: New York, New York
      January 4, 2008                                      *s/ James M. Peck*
                                                            Honorable James M. Peck
                                                            United States Bankruptcy Judge